UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3644-DMG (PDx) | Date | March 28, 2025 |
|---|---|---|---|
| Title | *Marlene Cruz Flores v. Ford Motor Company, et al.* | Page | 1 of 6 |

| Present: The Honorable | DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE |
|---|---|

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings:  IN CHAMBERS—ORDER RE DEFENDANT FORD MOTOR COMPANY'S MOTION TO STRIKE [24] AND PLAINTIFF'S MOTION TO REMAND [20]**

## I. PROCEDURAL BACKGROUND

On March 28, 2024, Plaintiff Marlene Cruz Flores filed an action in Los Angeles County Superior Court against Defendant Ford Motor Company ("Ford"), alleging three violations of California's Song-Beverly Consumer Warranty Act, a claim for breach of express warranty, and a claim for breach of the implied warranty of merchantability. Corrected Notice of Removal ("NOR"), Ex. A (State Court Complaint) [Doc. # 3]. Ford removed the action to this Court on May 2, 2024, asserting diversity jurisdiction under 28 U.S.C. section 1332. NOR ¶ 10.

On May 22, 2024, Flores filed the operative First Amended Complaint ("FAC"), which added Defendant Ford of Montebello ("Dealership") as a defendant with respect to her claim for breach of implied warranty of merchantability. FAC ¶¶ 38-42 [Doc. # 16]. On June 3, 2024, Flores moved to remand the case back to state court, arguing the addition of Dealership as a defendant destroyed the diversity of the parties. Motion to Remand ("MTR") [Doc. #20]. On June 14, 2024, Ford moved to strike Flores's FAC on the basis that she had improperly amended her complaint without leave of the Court and that she added Dealership solely for the purpose of defeating diversity. Motion to Strike ("MTX") [Doc. # 24].

Both motions are fully briefed. [Doc. ## 29 ("MTR Opp."), 36 ("MTX Opp."), 39 ("MTX Reply").] For the reasons set forth below, the Court **GRANTS** Ford's MTX and, because the Court strikes the non-diverse defendant, **DENIES** the MTR.

//
//
//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3644-DMG (PDx) | Date | March 28, 2025 |
|---|---|---|---|
| Title | *Marlene Cruz Flores v. Ford Motor Company, et al.* | Page | 2 of 6 |

## II.
## FACTUAL BACKGROUND

Flores purchased a 2022 Ford F-250 from Dealership on March 27, 2023. FAC ¶¶ 6, 9. The vehicle was manufactured by Ford. *Id.* ¶ 6. When Flores purchased the vehicle, she received an express written warranty in which "[Ford] undertook to preserve or maintain the utility or performance of the Vehicle or to provide compensation if there [was] a failure in utility or performance for a specified period of time." *Id.* ¶ 10. The warranty also provided that, if a defect with the vehicle developed within the warranty period, Flores could take the vehicle to a Ford "representative" to be repaired. *Id.*

During the warranty period, Flores's vehicle "contained or developed" defects relating to the "infotainment system" and engine. *Id.* ¶ 12. Flores took the vehicle to a Ford representative to be repaired on a number of occasions. *Id.* ¶¶ 14, 15. At the time of filing her Complaint, Flores' vehicle had not been repaired. *Id.* ¶ 15.

## III.
## LEGAL STANDARD

After a defendant removes a case to federal court, if "the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). District courts have broad discretion in considering whether to permit a plaintiff to join a non-diverse party under section 1447(e). *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). When exercising that discretion, courts consider six factors:

> (1) whether the party sought to be joined [i]s needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*McGrath v. Home Depot USA, Inc.*, 298 F.R.D. 601, 607 (S.D. Cal. 2014) (quoting *IBC Aviation Servs., Inc. v. Compania Mexicana de Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000)); *see also Murphy v. Am. Gen. Life Ins. Co.*, 74 F. Supp. 3d 1267, 1278 (C.D. Cal. 2015).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3644-DMG (PDx) | Date | March 28, 2025 |
|---|---|---|---|
| Title | *Marlene Cruz Flores v. Ford Motor Company, et al.* | Page | 3 of 6 |

## IV.
## DISCUSSION

### A. Joinder is Not Necessary for Just Adjudication

Federal Rule of Civil Procedure 19(a) requires joinder of any party whose "absence would preclude the grant of complete relief, or whose absence would impede [that party's] ability to protect [his] interests or would subject any of the parties to the danger of inconsistent obligations." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999); Fed. R. Civ. P. 19(a). Courts consider Rule 19 in evaluating an amendment under § 1447(e), but "amendment under § 1447(e) is a less restrictive standard than for joinder." *Burch v. Ford Motor Co.*, -- F. Supp. 3d --, 2024 WL 4947271 at *4 (N.D. Cal. Dec. 2, 2024) (quoting *IBC Aviation Servs.*, 125 F. Supp. 2d at 1011–12) (internal citations and quotations omitted). The focus of this factor is whether the non-diverse defendant is so "tangentially related to the cause of action" that the denial of amendment would not result in separate and redundant actions. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1011–12 ("[R]equiring [a plaintiff] to litigate essentially the same issues in two forums would be a waste of judicial resources and risk inconsistent results.").

It is not clear to the Court that joinder of Dealership would prevent separate and redundant actions. Although all five of Flores' claims concern the same vehicle, the FAC contains no specific allegations as to Dealership's involvement with the unsuccessful repair of the vehicle. Flores alleges that she delivered the vehicle to "[Ford] and its representatives in this state" for repair, but never explains whether Dealership was one of the "representatives" that attempted to repair the vehicle, or whether Dealership had any contact with the vehicle at all after the sale. *Compare Rodriguez v. Volkswagen Grp. of Am., Inc.*, No. CV 24-632-DSF (SHKx), 2024 WL 3251719, at *3 (C.D. Cal. June 20, 2024) (denying joinder where there were "minimal allegations and evidence regarding [dealership] and the repair process") *with Forward-Rossi v. Jaguar Land Rover N. Am., LLC*, No. CV 16-949-CAS (KSx), 2016 WL 3396925, at *3 (C.D. Cal. June 13, 206) (joining non-diverse defendant because it made the repairs to plaintiff's vehicle). Indeed, the only time Dealership is mentioned in the FAC is with regard to the purchase of the vehicle. But Dealership is not a necessary party for Flores to obtain complete relief—she could obtain complete relief solely from Ford. *See Newcombe*, 157 F.3d at 697 (affirming district court's denial of joinder when plaintiff could recover full damages from other defendants); *Goines v. BMW of N. Am., LLC*, No. CV 16-9271-JAK (Ex), 2017 WL 10676597, at *3 (C.D. Cal. July 14, 2017) (denying joinder of local dealership where plaintiff alleged warranty claims).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 24-3644-DMG (PDx) | Date | March 28, 2025 |
| Title | *Marlene Cruz Flores v. Ford Motor Company, et al.* | Page | 4 of 6 |

The Court cannot conclude from the limited allegations against Dealership that it is a necessary party to this action. This factor weighs against joinder.

### B.     The Statute of Limitations Would Not Preclude a State Court Action

Flores concedes that there is no statute of limitations preventing her from filing a separate state court action against Dealership. MTX Opp. at 5.[1] This factor therefore weighs against joinder. *See Murphy*, 74 F. Supp. 3d at 1284.

### C.     There was Unexplained Delay

In determining whether there was unexplained delay, "courts must consider whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *See id*. On its face, there does not appear to be any unexplained delay because Flores filed her FAC only 20 days after removal and fewer than eight weeks after she filed her state court complaint. *See IBC Aviation Servs.*, 125 F. Supp. 2d at 1012 (finding no unreasonable delay where plaintiff sought leave to add a non-diverse party five weeks after removal and ten weeks after filing the complaint). But Flores purchased her vehicle from Dealership in March 2023 and therefore knew of its identity when she filed her original Complaint. Flores' explanation for the delay is that "it was not until acquiring and reviewing . . . [the] repair history . . . that it became apparent that, due to the number of repair attempts . . . the dealership was liable for breach of the implied warranty." MTX Opp. at 6. The Court is not persuaded by this explanation, as there are no new facts alleged in the FAC suggesting that Flores did not know, or could not have known, of the number of repair attempts on her own vehicle when she filed her initial Complaint. This factor weighs against joinder.

### D.     Joinder was Primarily Intended to Defeat Federal Jurisdiction

Courts must evaluate "the motive of a plaintiff in joining a non-diverse party with particular care when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *See Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980); *Murphy*, 74 F. Supp. 3d at 1285. In evaluating motive, courts consider whether the plaintiff was aware of the removal when she amended, and courts have "inferred an improper motive where the plaintiff's proposed amended complaint contains only minor or insignificant changes to the original complaint." *See San Jose Neurospine v. Cigna Health & Life Ins. Co.*, No. CV 16-5061-LHK, 2016 WL 7242139, at *10 (N.D. Cal. Dec. 15,

---

[1] Page citations herein refer to the page numbers inserted by the CM/ECF system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3644-DMG (PDx) | Date | March 28, 2025 |
|---|---|---|---|
| Title | *Marlene Cruz Flores v. Ford Motor Company, et al.* | Page | 5 of 6 |

2016). "[T]he question of whether joinder is solely intended to defeat jurisdiction is intertwined with the question of whether the claims against the new defendant appear valid." *See Burch*, 2024 WL 4947271, at *6 (quoting *Reyes v. FCA US LLC*, No. CV 20-833-DAD (SKOx), 2020 WL 7224286, at *4 (E.D. Cal. Dec. 8, 2020)) (internal citations and quotations omitted).

Here, Flores was aware of the removal at the time she amended her Complaint because Ford removed the action on May 2, 2024, and Flores filed her FAC on May 22, 2024. Further, Flores' Complaint and FAC are nearly identical—she alleges the exact same facts and brings the same five claims. The only differences between the two complaints are minor editorial changes and references to Ford as "Manufacturer Defendant" rather than simply "Defendant." There are no new facts specifying Dealership's role in this case other than selling the vehicle to Flores. Lastly, although Flores' implied warranty claim against Dealership may be valid, Flores could still maintain this claim against Ford in Dealership's absence. The Court finds that the foregoing suggests an improper motive. This factor weighs against joinder.

**E.      Flores Has a Valid Claim Against Dealership**

This factor asks courts to consider whether "a new claim sought to be added seems to have merit." *Clinco*, 41 F. Supp. 2d at 1083. Ford argues that Flores does not have a valid claim against Dealership because Dealership disclaimed the implied warranty of merchantability in its contract with Flores. MTX at 16; Request for Judicial Notice ("RJN") at 5, 14 [Doc. ## 26, 31].[2] Although Ford's argument may prove to be correct in the end, (1) that argument is one for Dealership, as the party to the contract, to make, and (2) Flores could dispute the "conspicuousness" of the disclaimer in a further amended complaint or in an opposition to a motion to dismiss. *See Minkler v. Apple, Inc.*, 65 F. Supp. 3d 810, 819 (N.D. Cal. 2014) (quoting Cal. Comm. Code §2316(2)). Because it is not obvious that Flores could not amend her FAC to state a valid claim against Dealership, this factor weighs in favor of joinder.

**F.      Denial of Joinder Likely Would Not Prejudice Flores**

"A plaintiff will be prejudiced if the proposed defendant is 'crucial' to the case. A plaintiff will not be prejudiced if the court can accord complete relief without the proposed

---

[2] Ford filed an unopposed Request for Judicial Notice ("RJN") in support of its MTX, requesting that the Court take judicial notice of (1) the contract between Dealership and Flores (in Spanish), and (2) an English version of the same contract. Because Flores's claims rely on these documents, meaning that they are incorporated by reference in the FAC, and Flores does not challenge their authenticity, the Court may rely on them at the pleading stage. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1159 (9th Cir. 2012); *United Guar. Mortg. Indem. Co. v. Countrywide Fin. Corp.*, 660 F. Supp. 2d 1163, 1174 (C.D. Cal. 2009). The Court therefore **GRANTS** Ford's RJN.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 24-3644-DMG (PDx) | Date | March 28, 2025 |
|---|---|---|---|
| Title | *Marlene Cruz Flores v. Ford Motor Company, et al.* | Page | 6 of 6 |

defendant." *Eguilos v. Volkswagen Grp. of Am., Inc.*, No. CV-22-614-KJM (KJNx), 2022 WL 2713273, at *5 (E.D. Cal. July 13, 2022) (citing *Reyes*, 2020 WL 7224286, at *10). Courts may find that this factor weighs in favor of joinder when denial of joinder would require the plaintiff to pursue "two substantially similar lawsuits in two different forums." *See Sabag v. FCA US, LLC*, No. CV-16-6639-CAS (RAOx), 2016 WL 6581154, at *6 (C.D. Cal. Nov. 7, 2016).

Dealership is not crucial to the case because Flores could obtain complete relief from Ford. Nonetheless, granting Ford's MTX would require Flores either to file a parallel proceeding in state court or forego her direct claims against Dealership. Because the considerations of this factor stand in equipoise, the Court concludes that this factor is neutral.

**V.
CONCLUSION**

Having considered the section 1447(e) factors, the Court finds that the majority of the factors weigh in favor of striking Dealership. Ford's Motion to Strike Dealership as a party in this action is therefore **GRANTED** and Plaintiff's Motion to Remand is **DENIED**. The parties shall file an updated Joint Rule 26(a) Report by **April 18, 2025**.

**IT IS SO ORDERED**.